**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL WIENKE, | |
|     Plaintiff, | No. C 10-04369 JSW |
| v. | |
| CHASE HOME FINANCE, INC., | **NOTICE OF QUESTIONS** |
|     Defendant. | |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MARCH 11, 2011 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, with reference to pin cites and without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority. The Court suggests that associates or of counsel attorneys who are working on this case be permitted to address some or all of the Court's questions contained herein.

The parties shall each have 20 minutes to address the following questions:

1. Defendant Chase argues that it is not the proper defendant because Washington Mutual, not Chase, was the servicer of Plaintiff's original loan. However, Plaintiff does not make allegations based on the original loan transaction. Rather, Plaintiff alleges that he had contacted Chase in April 2009 to seek a modification of his loan and entered into a Forebearance Agreement with Chase. (Complaint at ¶¶ 12-28.) Because no documents supporting this allegation are before the Court and Chase does not address these allegations, the Court cannot ascertain whether Plaintiff is able to maintain any claim against Chase. What are the parties' positions on the loan modification claims?

2. The complaint also states that the Trustee Sale was set for September 2, 2010. The record includes an order to show cause and temporary restraining order issued by the Superior Court of the County of Lake-Lakeport Division dated August 30, 2010, enjoining Defendant Chase from selling Plaintiff's home at the Trustee Sale. (Defendant Chase mistakenly identifies the order as merely an application for a restraining order in their Notice of Removal.) Did the sale already occur? Who currently owns the home?

3. What is Defendant Chase Home Finance's relationship with the property, the loan modification process, and the current owner of the property? What is JP Morgan Chase Bank's relationship with the property, the loan modification process, and the current owner of the property?

4. Why does the second notice of trustee's sale dated August 12, 2010 notice JP Morgan Chase Bank, N.A. , while the first notice of trustee's sale dated July 15, 2010 notice Washington Mutual Bank, FA? (*See* Chase's Request for Judicial Notice, Exs. 6, 7.)

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: 03/07/2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE